UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re:<br>Salerno Pincente Ristorante LLC<br><br><br><br>Debtor(s) | BK No.: 12-18900<br><br>Chapter: 11<br>Honorable Pamela S. Hollis |

# FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

This matter having come before the Court on the continued hearing on the "Debtor's Motion for Entry of Second Interim Order" pursuant to Section 363 of the Bankruptcy Code, the Court having held a preliminary hearing on said Motion, no objection to said motion having been made by any party in interest:

BASED UPON THE REPRESENTATIONS OF THE PARTIES, IT APPEARS TO THE COURT THAT:

1. On May 8, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy Code (the "Code") and commenced these proceedings. Pursuant to Sections 1107 and 1108 of the Code, the Debtor has retained possession of its assets and is authorized thereby, as Debtor-in-Possession, to continue the operation and management of its business.

2. On May 9, 2012, the Debtor filed an Emergency Motion authorizing the use of cash collateral. On May 10, 2012, the Court entered an interim order authorizing the use of cash collateral by the Debtor through June 3, 2012.

3. The Debtor is in the business of operating a restaurant.

4. The Debtor owes Advanceme, Inc. ("Advanceme") approximately $121,000. It appears that Advanceme dba Sound Garden has been granted a lien on the Debtor's assets to secure this indebtedness. By operation of this lien, Advanceme appears to hold a first priority lien upon all of the Debtor's assets.

5. The Illinois Department of Employment Security (the "IDES") has filed a notice of lien in the amount of $4,802.07.

6. The IRS has filed four tax liens against the Debtor in the aggregate amount $116,800.52.

7. Eduardo Greco ("Greco") has been granted a lien upon the Debtor's assets to secure the Debtor's indebtedness of approximately $300,000 to Greco.

8. State Bank of Countryside ("SBC") has been granted a lien upon the Debtor's assets to secure the Debtor's indebtedness of $7,500 to SBC.

9. The liens granted to the IDES, the IRS, Greco and SBC appear to have been perfected after Advanceme filed its financing statement and, as such, their liens appear to be junior to Advanceme's lien.

10. As indicated in its schedules, the Debtor's assets are only worth approximately $16,300. As such, Advanceme's lien will consume 100% of the value of the Debtor's assets and, despite their respective security interests, it appears that the IDES, the IRS, Greco and SBC are unsecured.

11. The Debtor wishes to use its cash, inventory and accounts receivable proceeds to meet its monthly expenses pursuant to the future budgets that will be submitted to each of the secured creditors. However, said cash, inventory and accounts receivable (collectively the "Cash Collateral") appear to constitute Cash Collateral of the Secured Creditors, as that term is utilized in § 363(a) of the Bankruptcy

Code, which cannot be utilized by the Debtor without Court approval. The Debtor's effort to reorganize cannot continue if it is unable to use the Cash Collateral to meet its monthly expenses during its Chapter 11 Case.

12. The Debtor proposes to use the Cash Collateral on an on-going basis, subject to the terms of the proposed Order attached hereto. The Debtor further proposes that the Debtor be permitted to use the Cash Collateral in the ordinary course of business during the Debtor=s Chapter 11 Case pursuant to the monthly budgets that will be submitted to each of the Debtor's secured creditors. The first such budget will be submitted on June 22, 2012. Each subsequent monthly budget will be submitted to each of the secured creditors ten days prior to the end of each subsequent month. If any of the secured creditors wish to object to the budget or the Debtor's continued use of cash collateral, they must provide notice to the Debtor at least 5 days prior to the end of the month.

13. The Debtor has provided notice of this Motion to the Secured Creditors, all of the Debtor's creditors (other than its employees) and the office of the United States Trustee.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

A. The Debtor is hereby authorized to use the Cash Collateral solely in accordance with the terms of this Order and solely to the extent necessary to meet its monthly expenses as set forth in the budgets that will be submitted to the Debtor's secured creditors.

B. The Debtor is further authorized to use the Cash Collateral in excess of the amounts set forth in the Budget and to make any other uses thereof, subject to the prior written approval of the Secured Creditors.

C. The Secured Creditors are hereby granted replacement liens in all of the Debtor's assets, deemed perfected on the entry of this Order, to the extent of the Debtor's use of the Cash Collateral and any diminution of the value of the Secured Creditors' interest in the Debtor's assets (collectively, "Replacement Liens"). The Replacement Liens shall be subject to the prepetition liens of the Secured Creditors in the Debtor's assets.

D. This Order is deemed effective as of the Petition Date, and the authority to use the Cash Collateral granted hereby shall remain in effect until the earliest of : (a) further order of court; (b) the appointment of a trustee; (c) the conversion of this case to a case under Chapter 7 of the Bankruptcy Code; (d) the dismissal of this Case; or (e) determination by this Court of a material breach of this Order by the Debtor (without prejudice to the Debtor's right to seek authority from this Court to use the Cash Collateral after such determination. Upon any such termination, all rights to use the Cash Collateral granted herein shall immediately terminate.

E. If this Order is hereafter modified, vacated, or stayed by court order, any such order shall not affect the validity or enforceability of any lien, security interest, or priority authorized herein, nor shall it affect any previous use of the Cash Collateral pursuant to this Order.

F. This Order is without prejudice to the rights of the Debtor, after due notice and hearing, to seek modification and/or an increased use of the Cash Collateral after the Termination Date, and is also without prejudice to the rights of the Secured Creditors, after due notice and hearing, to seek a termination of this Order, additional adequate protection, or relief from the stay at any time.

Enter:

*Donald R. Cassling*

Dated: 28 JUN 2012

United States Bankruptcy Judge

**Prepared by:**
Chester H. Foster, Jr.
Foster and Smith

Rev: 20120501_bko

3825 W. 192nd Street
Homewood, Illinois 60430
(708) 799-6300
A.R.D.C. # 03122632